JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
MISTY L. DANTE
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Misty.Dante@usdoj.gov
*Attorneys for the United States*



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In the Matter of the Service of an Administrative Subpoena of:<br><br>Lindsay Garnett. | 2:24-cv-01534-JCM-BNW<br><br>**United States' Motion to Serve by Alternative Means** |

Under Federal Rule of Civil Procedure 45, the United States respectfully requests permission for the Veterans Administration Office of Inspector General to serve Lindsay Garnett by email. The United States has attempted personal service of Garnett seven times, courier signature required (UPS) service four times, and mailed service by certified return receipt mail, without success. The United States' multiple attempts to locate and serve Mr. Garnett demonstrates service by email is warranted. Accordingly, the Court should grant the United States' motion.

## I.   Background

On March 18, 2024, the VA OIG issued a subpoena for personal appearance for Mr. Lindsay Garnett on May 23, 2024, regarding an investigation of the Office of Health Inspections on an oversight matter.[1] On March 26, 2024, this subpoena was provided to the United States Marshals for personal service and attempted service on three separate dates.[2] According to the USMS, on March 26, 2024, they called Mr. Garnett and he stated, "I'm

---

[1] Exhibit (Ex.) 1-First Subpoena.
[2] Ex. 2-USMS-285 Form Returned.

not going to answer my door or accept paperwork."[3] They attempted to serve Mr. Garnett two additional times on March 29 and April 1, 2024, but were unsuccessful.[4]

On April 4, 2024, the VA OIG sent service via UPS with a request for a Courier's signature. UPS attempted service on four different dates, April 5, 2024, at 11:41 am; April 6, 2024, at 10:47 am; April 8, 2024, at 11:26 am; and on April 9, 2024, at 11:27 am.[5] All of the attempts for service were unsuccessful.

On April 10, 2024, the VA OIG sent service by certified return receipt mail. Mr. Garnett did not pick up the mail or sign for delivery. On May 17, 2024, the mail was returned to the original sender as unclaimed.[6]

On May 24, 2024, the VA OIG issued a second subpoena for personal appearance for Mr. Lindsay Garnett on July 11, 2024.[7]

After attempting service by USMS, UPS Courier, USPS certified mail, the VA OIG attempted service another four times by Reno/Carson Messenger Service, Inc. (RCMS). On April 24, 2024, service request was received by RCMS from the VA OIG.[8] RCMS attempted service on:

    a. April 27, 2024, at 9:01 pm,

    b. May 5, 2024, at 6:56 pm,

    c. May 6, 2024, at 4:44 pm, and

    d. May 30, 2024, at 8:13 pm.[9]

All attempts at service were unsuccessful.

/ / /

/ / /

/ / /

---

[3] Ex. 2.
[4] Ex. 2.
[5] Ex. 3-UPS Record of Service for Courier Signature Delivery.
[6] Ex. 4-USPS Certified Mail Receipt and Tracking.
[7] Ex. 5-Second Subpoena.
[8] Ex 6-Declaration of Ryan S. Cole, Reno Carson Messenger Service, Inc., attached hereto and incorporated herein by reference as if fully set forth herein.
[9] Ex. 6.

## II. Analysis

### A. Legal Authority

38 U.S.C. § 312 codifies some of the obligations given to the Inspector General of the Department of Veteran Affairs. Under 38 U.S.C. § 312(d)(1)(A), the VA OIG is authorized to issue subpoenas, "…the Inspector General, in carrying out the provisions of this section, may require by subpoena the attendance and testimony of witnesses necessary in the performance of functions assigned to the Inspector General by the Inspector General Act of 1978."

Federal Rules of Civil Procedure (Fed. R. Civ. P.) Rule 81(5) allows the Fed. R. Civ. P. rules to apply to proceedings involving a subpoena. "These rules apply to proceedings to compel testimony…through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings." 38 U.S.C. § 312(d) specifically allows for the subpoena to be enforced by any appropriate district court of the United States.

Fed. R. Civ. P. Rule 45(b) governs civil subpoenas including the parameters related to the service of a subpoena.

### B. Service by Email

Fed. R. Civ. P. Rule 45(b)(2) provides, in relevant part, that service of the subpoena in the United States "may be served at any place within the United States." Rule 45(b)(1) indicates that service should be by personal service to the named person.[10] However, in *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002), the Court held that "trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." The Ninth Circuit has "concluded that exhausting every other permissible means of service before seeking leave to utilize alternative means was not required. Instead, a party seeking a court order to serve by

---

[10] *See also Bd. of Trs. v. Noorda*, No. 2:16-cv-00170-JAD-CWH, 2017 U.S. Dist. LEXIS 230878 (D. Nev. Dec. 4, 2017) (Under Rule 45(b)(1), "the majority of courts understand 'delivering' to require personal service of the subpoena.").

3

alternative means need only demonstrate that the particular facts and circumstances warrant the court's intervention." *Sata GmbH & Co. KG v. USA Italco Int'l Ltd., A N.Y. Co.,* No. 3:18-cv-00351-MMD-WGC, 2018 U.S. Dist. LEXIS 246761, at *8-9 (D. Nev. Oct. 24, 2018). Additionally, "Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Bd. of Trs. v. Noorda,* No. 2:16-cv-00170-JAD-CWH, 2017 U.S. Dist. LEXIS 230878, at *4 (D. Nev. Dec. 4, 2017).

Here, the United States has attempted personal service of Garnett seven times, courier signature required (UPS) service four times and has also mailed service by certified return receipt mail, without success. Furthermore, the United States attempted to find additional addresses for Garnett by conducting multiple skip traces and searching in multiple open-source databases, without success.[11] When the USMS first attempted to serve Garnett, they reached out to him by phone, and he responded that he was not going to "…answer my door or accept paperwork."[12]

The United States seeks to serve Garnett by email. The United States will email the subpoena to an email address that Garnett has used previously to send messages to the United States. Given that Garnett has responded to the United States in the past at this email address, service by email at this address is reasonably calculated to apprise Garnett of the subpoena.

Respectfully submitted August 13, 2024.

JASON M. FRIERSON
United States Attorney
*/s/ Misty L. Dante*
MISTY L. DANTE
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: September 9, 2024

---

[11] Ex. 6.
[12] Ex. 2.

4